IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARTHUR RASHAAD COLE, | : Civil No. 3:15-cv-1699 |
| Petitioner | : (Judge Mariani) |
| v. | : |
| KEVIN KAUFFMAN, et al., | : |
| Respondents | : |

## MEMORANDUM

Petitioner Arthur Rashaad Cole ("Cole"), was found guilty of possession with intent to deliver a controlled substance and possession of a controlled substance on April 9, 2008, in the Court of Common Pleas of York County, Pennsylvania. (Doc. 1). On May 21, 2008, he was sentenced to a term of imprisonment of five to ten years. (*Id.*). On September 1, 2015, Cole filed this action pursuant to 28 U.S.C. § 2254 challenging his conviction and sentence. (*Id.*). Presently before the Court is Respondents' motion to dismiss the habeas petition as untimely. (Doc. 9). Cole has not opposed the motion. For the reasons set forth below, the motion to dismiss will granted, and the petition will be denied as untimely.

I. **Background**

On April 9, 2008, following a jury trial in the York County Court of Common Pleas, Cole was found guilty of possession with intent to deliver a controlled substance and possession of cocaine. *Commonwealth v. Cole*, CP-67-CR-0006063-2006 (York County

filed August 9, 2006). On May 21, 2008, he was sentenced to a term of imprisonment of five to ten years. *Id.* Cole filed post-sentence motions, which were denied by the trial court. *Id.*

On August 7, 2008, Cole filed a timely direct appeal. *Commonwealth v. Cole*, 1422 MDA 2008 (Pa. Super.). On September 17, 2009, the Pennsylvania Superior Court affirmed the conviction. *Commonwealth v. Cole*, 986 A.2d 1250 (Pa. Super. 2009) (Table). On October 19, 2009, Cole filed a petition for allowance of appeal to the Pennsylvania Supreme Court. *Commonwealth v. Cole*, 781 MAL 2009 (Pa.). The Pennsylvania Supreme Court denied his appeal on March 9, 2010. *Commonwealth v. Cole*, 605 Pa. 693 (Pa. 2010) (Table). Cole did not file a petition for writ of certiorari to the United States Supreme Court, therefore his judgment of sentence became final ninety days later on June 7, 2010.

On July 18, 2014, Cole filed a *pro se* petition for post conviction collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-46. *Cole*, CP-67-CR-0006063-2006. The PCRA petition was dismissed as untimely on July 31, 2014. *Id.* On August 29, 2014, Cole filed an appeal to the Pennsylvania Superior Court. *Commonwealth v. Cole*, 1471 MDA 2014 (Pa. Super.). On March 2, 2015, the Pennsylvania Superior Court affirmed the PCRA court's dismissal of the petition as untimely. *Commonwealth v. Cole*, 2015 WL 7454155 (Pa. Super. 2015). On April 1, 2015, Cole filed a petition for allowance of appeal to the Pennsylvania Supreme Court.

*Commonwealth v. Cole*, 329 MAL 2015 (Pa.). On July 29, 2015, the Pennsylvania Supreme Court denied the petition for allowance of appeal. *Commonwealth v. Cole*, 119 A.3d 349 (2015) (Table).

The instant petition was filed on September 1, 2015. (Doc. 1).

## II. Discussion

The court shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). *See* 28 U.S.C. § 2244(d)(1). Specifically, a state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this

subsection.

28 U.S.C. § 2244(d)(1)-(2); see Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999). Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired. See Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001).

Cole was sentenced on May 21, 2008. Cole's time for pursuing a direct appeal expired on June 7, 2010, at which time his judgment became final. See Nara, 264 F.3d at 314; 28 U.S.C. § 2244(d)(1)(A). The one-year period for the statute of limitations commenced running as of that date. Hence, the federal petition, which was filed on September 1, 2015, is patently untimely. However, the Court's analysis does not end here; consideration of both statutory and equitable tolling must be undertaken.

### A. Statutory Tolling

Section 2244(d)(2) tolls the one year statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations began running on June 7, 2010, and expired on June 7, 2011. Cole did not file his PCRA petition until July 18, 2014, more than three years after the expiration of the statute of limitations. In his PCRA petition, Cole argued that his sentence was unconstitutional under Alleyne v. United States, 133 S.Ct. 2151 (2013). The Superior Court

4

considered Cole's *Alleyne* argument and ultimately affirmed the dismissal of the petition as untimely, explaining as follows:

> Cole's judgment of sentence became final on June 7, 2010, when he failed to file a petition for writ of certiorari in the United States Supreme Court within ninety days of our Supreme Court's denial of his petition for allowance of appeal. See 42 Pa.C.S. § 9545(b)(3); U.S. Sup.Ct. Rule 13. Cole had one year from that date within which to file "any petition ... including a second or subsequent petition" seeking post-conviction relief. See 42 Pa.C.S. § 9545(b)(1). Cole filed the instant petition on July 18, 2014, which was more than three years after his judgment of sentence became final.
>
> Cole asserts that *Alleyne* recognized a new constitutional right that applies retroactively, see 9545(b)(1)(iii), and thus is an exception to the timeliness requirements of the PCRA. However, in *Commonwealth v. Miller*, 102 A.3d 988 (Pa. Super. 2014) this Court held to the contrary, noting, "neither our Supreme Court nor the Supreme Court of the United States has held that *Alleyne* is to be applied retroactively to cases in which the judgment of sentence has become final." *Id.* at 995.
>
> Even if Cole were entitled to relief under *Alleyne*, which he is not, his petition would still have been untimely. The U.S. Supreme Court issued its decision in *Alleyne* on June 17, 2013. Cole did not file his PCRA petition until July 18, 2014. Section 9545(b)(2) of the PCRA provides that a petition raising an exception to the timeliness requirements must be filed within 60 days of the date the claim could have been presented. However, Cole did not present his claim until thirteen months after the filing of *Alleyne*.

*Commonwealth v. Cole*, 2015 WL 7454155, *2 (Pa. Super. 2015).

A PCRA petition does not toll an expired statute of limitations. *See Long v. Wilson*, 393 F.3d 390, 395 (3d Cir. 2004) (finding that petitioner's untimely PCRA petition did not statutorily toll the statute of limitations because, *inter alia*, "the limitations period had already run when it was filed"). An untimely PCRA petition is not "properly filed" and, therefore,

5

does not toll the statute of limitations. See *Pace v. Diguglielmo*, 544 U.S. 408, 417 (2005) (holding that "[b]ecause the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2254(d)(2)."). *See also Merritt v. Blaine*, 326 F.3d 157, 167-68 (3d Cir. 2003). Consequently, the AEDPA statute of limitations is not subject to statutory tolling.

### B. Equitable Tolling

Equitable tolling of the limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances. *See Satterfield v. Johnson*, 434 F.3d 185, 195 (3d Cir. 2006); *LaCava v. Kyler*, 398 F.3d 271, 274-75 (3d Cir. 2005). It is only in situations "when the principle of equity would make the rigid application of a limitation period unfair" that the doctrine of equitable tolling is to be applied. *See Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003). Generally, a litigant seeking equitable tolling must establish the following two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005).

With respect to the diligent pursuit of rights, a petitioner must demonstrate that he or she exercised reasonable diligence in investigating and bringing the claims. *See Robinson v. Johnson*, 313 F.3d 128, 142 (3d Cir. 2002). Mere excusable neglect is not sufficient. *See LaCava*, 398 F.3d at 276. Moreover, "the party seeking equitable tolling must have

acted with reasonable diligence throughout the period he seeks to toll." *Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000) (quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)).

Extraordinary circumstances have been found where (1) the respondent has actively misled the petitioner, (2) the petitioner has in some extraordinary way been prevented from asserting his rights, (3) the petitioner has timely asserted his rights mistakenly in the wrong forum, *see Jones*, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim. *See Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005).

Cole presents no evidence to account for the delay in pursuing his state court remedies or for his delinquency in seeking relief in federal court. *See* (Doc. 1). Nor does he indicate that extraordinary circumstances obstructed his pursuit of post conviction relief in either forum. Hence, equitable tolling of the AEDPA statute of limitations is not warranted in this case.

## III.  Certificate of appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies

this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the disposition of this case debatable. Accordingly, a certificate of appealability will not issue.

## IV. Conclusion

For the reasons set forth above, the petition for writ of habeas corpus will be denied as untimely. An appropriate Order will issue.

Dated: May 31st, 2016

Robert D. Mariani
United States District Judge

8